UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ABRAHAM HARE,

   Plaintiff,

v.

STATE OF NEW JERSEY, et al.,

   Defendants.

Civ. No. 13-3180 (RBK) (JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff is a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey. Plaintiff brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 and has submitted an application to proceed *in forma pauperis*. Based on the *in forma pauperis* application, the Court will grant plaintiff's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with prejudice.

## II. BACKGROUND

Plaintiff names several defendants in this action; specifically: (1) the State of New Jersey; (2) the Atlantic County Prosecutors Office; (3) James McClain – Prosecutor; (4) Donna Fetzer – Prosecutor; (5) Scott Northridge – Prosecutor, Atlantic County; (6) Atlantic County

Public Defenders Office; (7) Robert Moran – Deputy Public Defender; (8) Linda Tassone – Assistant Deputy Public Defender; and (9) Nellie Marquez – Public Defender.  Plaintiff claims that he was arrested on October 3, 2012 for making a terroristic threat – threat to kill.  He claims that the prosecutor defendants engaged in malicious prosecution because they knew that the charges were not supported by probable cause.  He further states that the prosecutors submitted false evidence in proceeding to gain an indictment and hinder plaintiff's constitutional rights.  He also states that defendant Northridge withheld evidence from the grand jury.

With respect to the public defender defendants, plaintiff claims that Marquez provided ineffective assistance of counsel.  Plaintiff states that she has not responded to his letters and not done any work on his case.  Plaintiff further asserts that he complained to Moran and Tassone about Marquez, but that they refused to remove her as plaintiff's counsel.

Plaintiff requests monetary damages for the unjust time he has spent incarcerated.  He further requests injunctive relief in the form of "an order restricting any defendant . . . from participating [in his] criminal case."  (Dkt. No. 1 at p. 8.)

### III. STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### IV. DISCUSSION

A. <u>State of New Jersey & the Atlantic County Prosecutors Office</u>

Plaintiff names the State of New Jersey and the Atlantic County Prosecutors Office as defendants in the caption. "The Eleventh Amendment of the U.S. Constitution protects a state or state agency from a suit brought in federal court by one of its own citizens regardless of the relief sought, unless Congress specifically abrogates the state's immunity or the state waives its own immunity." *Thorpe v. New Jersey*, 246 F. App'x 86, 87 (3d Cir. 2007) (per curiam) (citing *MCI Telecom Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503-04 (3d Cir. 2001); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). "Section 1983 does not abrogate states' immunity." *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979)). New Jersey has not waived its Eleventh Amendment immunity. *See id.*; *see also Johnson v. United States*, 469 F. App'x 79, 81 (3d Cir. 2012) (per curiam). Accordingly, the State of New Jersey as a named defendant in this action is immune from suit.

The Atlantic County Prosecutors Office is similarly immune from suit in this case. As the Third Circuit has stated:

> Eleventh Amendment immunity protects not only states but also state agencies, "as long as the state is the real party in interest." *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655, 658 (3d Cir. 1989) (en banc), *cert. denied*, 493 U.S. 850 (1989). To determine whether Eleventh Amendment immunity applies, we consider three factors: (1) the source of the agency's funding – i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation. *Id.* at 659. In the context of an agency analysis, we discussed all of these concerns, *see Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996), culminating in the conclusion that "when [the New Jersey county] prosecutors engage in classic law enforcement and investigative functions, they act as officers of the state."
>
> We recognized in *Coleman* that county prosecutorial offices conducted two distinct sets of functions: (1) the administrative functions of operating their offices, and (2) the classic law enforcement and investigative functions for which they are chiefly responsible. After essentially analyzing the same factors presented in *Fitchik*, we concluded that county prosecutors acted as arms of the state when they performed the latter.

*Beightler v. Office of Essex Cnty. Prosecutor*, 342 F. App'x 829, 832 (3d Cir. 2009) (per curiam). The allegations in this case indicate that the Atlantic County Prosecutors Office was engaged in classic law enforcement functions by prosecuting plaintiff for making a terroristic threat. Accordingly, the Atlantic County Prosecutors Office is entitled to Eleventh Amendment immunity. *Accord Alfred v. New Jersey*, No. 13-332, 2013 WL 4675536, at *10 (D.N.J. Aug. 29, 2013) (finding prosecutor's office immune from suit as there was no suggestion that it was engaging in anything but "classic law enforcement functions in prosecution of Plaintiff for harassment"); *Kates v. Bridgeton Police Dep't*, No. 10-6386, 2011 WL 6720497, at *7-8 (D.N.J. Dec. 21, 2011) (finding that claims against Cumberland County Prosecutor's Office "arise out of classic law enforcement functions and are barred from suit in federal court under the Eleventh Amendment").

Additionally, the Court notes that the State of New Jersey and the Atlantic County Prosecutors Office are not a "person" against whom claims for money damages under § 1983 can be asserted. *See Beightler*, 342 F. App'x at 831 n. 1 (explaining that a State is not a person against whom money damages can be asserted under § 1983) (citation omitted); *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (per curiam) (finding that county prosecutor's office "is not a separate entity that can be sued under § 1983").

For these reasons, the claims against the State of New Jersey and the Atlantic County Prosecutors Office will be dismissed with prejudice. Plaintiff cannot cure the deficiencies in the claims against these two defendants in an amended complaint.

B. James McClain, Donna Fetzer & Scott Northridge

Plaintiff also raises claims against defendants McClain, Fetzer and Northridge in their capacities as prosecutors from Atlantic County in plaintiff's criminal case. Specifically, plaintiff alleges that defendants violated his constitutional rights because they knew that the charges against him were not supported by probable cause. Additionally, the defendants purportedly submitted false evidence and withheld other evidence when they obtained an indictment against plaintiff from the grand jury. Furthermore, plaintiff claims that these defendants are liable based on a malicious prosecution theory.

In *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the

6

protections of absolute immunity."); *Humphries v. Houghton*, 442 F. App'x 626, 628-29 (3d Cir. 2011) (per curiam) (finding that District Court properly dismissed claim against federal prosecutor who is entitled to absolute immunity for actions performed within her authority). In this case, plaintiff alleges that the prosecutors have proceeded to gain an indictment through false evidence and through withholding evidence. These allegations do not assert a claim that entitles plaintiff to relief against these three prosecutor defendants. They do not claim that the prosecutors acted outside the scope of their duties in bringing charges against plaintiff. Furthermore, various courts have stated that prosecutors are immune from suit in claims alleging withholding evidence during grand jury proceedings. *See Ortega v. New Jersey*, No. 12-4701, 2012 WL 4742806, at *3 (D.N.J. Oct. 3, 2012) ("[A] prosecutor is absolutely immune from damages under § 1983 for presenting or withholding evidence from a grand jury[.]"); *Goodwin v. New Jersey*, 12-1040, 2012 WL 3532894, at *5 (D.N.J. Aug. 13, 2012) (same); *Douris v. Schweiker*, 229 F. Supp. 2d 391, 399 (E.D. Pa. 2002) ("[P]rosecutors are absolutely immune in § 1983 actions for their decisions to prosecute, and withholding exculpatory evidence is a quasi-judicial act protected by absolute immunity.") (citations omitted), *aff'd*, *Douris v. Rendell*, 100 F. App'x 126 (3d Cir. 2004).

Additionally, it is worth noting that plaintiff also asserts that these three defendants are liable for malicious prosecution. "A claim of malicious prosecution against an officer for a particular crime under § 1983 'alleges the abuse of the judicial process by government agents.'" *Allen v. Johnson*, No. 12-3966, 2013 WL 103631, at *3 (D.N.J. Jan. 8, 2013) (quoting *Gallo v. City of Phila.*, 161 F.3d 217, 225 (3d Cir. 1998)). "To prove malicious prosecution under section 1983 . . . a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without

7

probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007) (footnote omitted). In this case, while plaintiff alleges that criminal proceedings have been initiated against him, he does not allege that the criminal proceedings have ended in his favor. Accordingly, any malicious prosecution claim would be dismissed for failing to state a claim upon which relief could be granted.

For the foregoing reasons, these defendants are immune from suit. Accordingly, the claims against these defendants will also be dismissed with prejudice.

### C. Atlantic County Public Defender's Office

Plaintiff also lists the Atlantic County Public Defender's Office as a defendant. The Public Defender's Office is not an entity capable of being sued under § 1983 as it is not a "person." *See Morales v. Pub. Defenders of Delaware Cnty.*, No. 12-6531, 2012 WL 6621369, at *4 (M.D. Pa. Dec. 19, 2012) (citations omitted); *Dec v. Pa. State Police*, No. 12-565, 2012 WL 6099078, at *9 (W.D. Pa. Dec. 7, 2012) ("[A] County Public Defender's Office is not a 'person' that can be sued under § 1983.") (citation omitted); *McKnight v. Camden Cnty. Prosecutor's Office*, No. 12-1683, 2012 WL 5880326, at *2 (D.N.J. Nov. 20, 2012) (same) (citing *Will v. Mi. Dep't of State Police*, 491 U.S. 58 (1989); *Madden v. N.J. State Parole Board*, 438 F.2d 1189, 1190 (3d Cir. 1971); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989)). Accordingly, the claims against this defendant will also be dismissed with prejudice.

D. Robert Moran, Linda Tassone & Nellie Marquez

Finally, plaintiff alleges claims against defendants Moran, Tassone and Marquez, who are named as public defenders. Plaintiff claims that Marquez was negligent and provided ineffective assistance in her representation of plaintiff during his criminal proceedings. Furthermore, plaintiff states that Moran and Tassone have done nothing to assure that plaintiff receives effective assistance of counsel, despite plaintiff's complaints to them about Marquez's performance.

The claims against these three defendants shall also be dismissed with prejudice. As the Third Circuit has noted, "a public defender does not act 'under color of state law' and is not liable under section 1983 when performing a lawyer's traditional functions as defense counsel." *Nelson v. Rapp*, 381 F. App'x 125, 126 (3d Cir. 2010) (per curiam) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Chambers v. Hughes*, No. 13-2293, 2013 WL 3870777, at \*1 (3d Cir. July 29, 2013) (per curiam) ("Public defenders are not state actors for § 1983 purposes because they are not acting under the color of state law when performing traditional functions as counsel to a defendant in a criminal proceeding.") (citation omitted). In this case, plaintiff's allegations against these defendants arise from the public defenders representation of plaintiff during his criminal proceedings. Accordingly, these three defendants were not acting "under color of state law."

## V. REQUEST FOR THE APPOINTMENT OF COUNSEL

Plaintiff has requested the appointment of counsel. (*See* Dkt. No. 3.) Indigent persons raising civil rights claims have no absolute constitutional right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the

complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors). Applying these factors to this case, the Court will deny Plaintiff's request for the appointment of counsel. As explained *supra*, the defendants in the complaint are immune from suit and/or plaintiff has failed to state a claim upon which relief can be granted. Therefore, the appointment of counsel is not warranted.

## VI.     CONCLUSION

For the foregoing reasons, the complaint will be dismissed with prejudice. Plaintiff cannot cure the deficiencies against the named defendants in an amended complaint. An appropriate order will be entered.

DATED: September 23, 2013

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge